IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BERNARDIST LEE | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-425 |
| CHRISTOPHER NORSWORTHY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bernardist Lee, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Christopher Norsworthy and Assistant Warden Kevin Smith.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a motion to dismiss, and Plaintiff has had the opportunity to file a response.[1] This Report and Recommendation considers the merits of Defendants' motion.

Development of the Factual Basis of the Complaint

Upon initial examination of the original complaint, the court was unable to determine whether Plaintiff's factual allegations stated a non-frivolous claim upon which relief may be granted. Accordingly, Plaintiff was ordered to file an amended pleading in the form of responses to a questionnaire in order to provide a more detailed factual discussion of his claims. *See Watson v.*

---

[1] Instead of filing a response to Defendants' motion, Plaintiff requested leave to amend the complaint. On August 26, 2022, Plaintiff was granted thirty days in which to file an amended complaint. Plaintiff has not filed an amended complaint.

*Ault*, 525 F.2d 886, 893 (5th Cir. 1976). In preparing this Report and Recommendation, the undersigned considered both Plaintiff's original complaint and his responses to the questionnaire.

## Factual Background

Plaintiff alleges the defendants failed to ensure sanitary living facilities at the Stiles Unit. Plaintiff claims there is black mold in the living area of the prison. Plaintiff also contends the defendants failed to issue cleaning supplies to the inmates and to ensure that drains are not clogged.

## Motion to Dismiss

Defendants moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment. Defendants also claim they are entitled to qualified immunity and that Plaintiff has failed to state a claim upon which relief may be granted.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, while acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640. In this case, Plaintiff alleges that the conditions of his confinement at the Stiles Unit subjected him to cruel and unusual punishment, in violation of the Eighth Amendment.

*Qualified Immunity*

Defendants contend they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this instance, the court will first determine whether Plaintiff has alleged facts establishing a violation of the Eighth Amendment.

*Conditions of Confinement*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires that the conditions of confinement are humane and that inmates receive adequate food, shelter, clothing and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

With respect to claims concerning prison conditions, the court must consider whether society considers the risk of harm to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The deprivation must be so serious as to "deprive prisoners of the minimal civilized measures of life's necessities," such as when it denies the prisoner some basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gates*, 376 F.3d at 332-33. In addition to demonstrating that the alleged deprivation is sufficiently serious, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment unless the official knows of, and consciously disregards, a substantial risk to an inmate's health or safety. *Farmer,* 511 U.S. at 840-41.

Plaintiff has not alleged that the defendants were aware of the mold and unsanitary conditions or that the conditions posed a substantial risk to his health or safety. In his response to the questionnaire, Plaintiff stated that the defendants were made aware of the mold and unsanitary conditions when the original complaint was filed in this action. Because he does not allege that the

defendants were personally aware of the conditions before the action was filed, he has failed to state a claim upon which relief may be granted.

*Eleventh Amendment Immunity*

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City School Board*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendants are sued in their official capacities, they are immune from liability with respect to Plaintiff's claims for damages.

## Recommendation

Defendants' Motion to Dismiss should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge